# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.F., K.F., and M.M.**

**No. 14-0098** (Braxton County 13-JA-28, 13-JA-29, and 13-JA-30)

**FILED**

June 16, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal by her counsel, Daniel K. Armstrong, from an order entered on January 27, 2014, in the Circuit Court of Braxton County, which terminated her parental rights to twelve-year-old A.F., eleven-year-old K.F., and seven-year-old M.M. The guardian ad litem for the children, David Karickhoff, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, S.L. Evans, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred when it denied her motion for an improvement period and terminated her parental rights based, in part, on her failure to separate from her boyfriend.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend B.M., who lived with the family.[1] The petition alleged that the children's welfare was threatened by both adult respondents' failure to supply them with necessary food, clothing, supervision, and medical care. For instance, the children disclosed that they usually only ate dinner on the weekends because their parents would be asleep and that they were not provided with any other supervision. The petition also alleged that B.M. sexually abused A.F., and that both petitioner and B.M. abused drugs in the children's presence. Petitioner and B.M. waived their rights to a preliminary hearing.

At the adjudicatory hearing in June of 2013, the two older children, A.F., and K.F., testified about the parents' drug abuse. A.F. testified that she saw her mother and B.M. snort "beans" through a dollar or a pen after crushing the beans with a lighter on a clipboard. A.F. testified that after her mother and B.M. crushed and snorted the beans, they acted "kind of mean." She also testified that other adults came into the home nearly every day and would snort these beans, smoke, or go into closed rooms where she thought they might have been watching

---

[1] Until only recently, it was thought that B.M. was the biological father of M.M. In his response brief, however, the guardian ad litem explains that this is not the case. B.M. is likewise not the biological father of either A.F. or K.F.

"bad movies." A.F. further testified about B.M.'s sexual abuse against her. She described, for instance, times B.M. touched her "where [she] pee[s]" and how he "would sit [her] on top of him" while rubbing against her. A.F. testified that whenever she told petitioner about these incidents, petitioner would never do anything about it. Petitioner testified and denied any illegal drug use in the home by herself, B.M., or anybody else, and denied that A.F. ever told her about B.M.'s sexual abuse. Petitioner also testified that she has never had any concerns about B.M. inappropriately touching any of her children. In its August of 2013 adjudicatory order, the circuit court found that both parents abused and neglected the children after finding that B.M. sexually abused A.F., that petitioner failed to protect the children by failing to take action after she was informed of the sexual abuse, and that the parents' drug abuse affected the welfare of the children.

At the dispositional hearing in August of 2013, the family's caseworker testified that neither parent rectified any of the problems identified in the home. She testified that although petitioner yielded negative drug screens for those in which she participated, she also missed several of her required drug screens. The caseworker also testified that petitioner had expressed intentions of separating from B.M., but had yet to do so, and that petitioner continued to express that her children were lying and making up stories to get her in trouble. The caseworker further testified that whenever she first spoke to petitioner about separating from B.M., petitioner became upset and did not understand why separation was necessary. The caseworker also explained that petitioner was not willing to take ownership of her current or past problems and had not shown that she has the ability to use the resources available to her to prevent a drug relapse. In its termination order entered in January of 2014, the circuit court found that both parents failed to recognize or acknowledge any substance abuse problems and that petitioner was not willing to accept that any sexual abuse occurred in the home. The circuit court terminated both parents' parental rights to the children. Petitioner now appeals.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole assignment of error on appeal is that the circuit court erred in denying her motion for an improvement period and in terminating her parental rights based, in part, on her failure to separate from B.M. Petitioner asserts that she was only given limited notice of this requirement to live separate and apart from him.

Upon our review of the record, we find no error by the circuit court in denying petitioner's motion for an improvement period or in terminating her parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). We have previously explained:

> [I]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996). The record reveals the family's caseworker recommended separation from B.M. to petitioner at least one month before the dispositional hearing. Petitioner never acknowledged the drug abuse and sexual abuse that occurred in the home. Petitioner's lack of acknowledgement, coupled with her missed drug screens, supports the circuit court's finding that she failed to provide evidence that she would participate in a plan to correct the conditions of abuse and neglect. Under West Virginia Code § 49-6-12, when a parent has failed to demonstrate by clear and convincing evidence that he or she will fully participate in an improvement period, the circuit court has the discretion to deny a motion requesting such. This evidence was also sufficient to support the circuit court's findings and conclusions that there was no reasonable likelihood that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires the following:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 16, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II